BLANCHARD *et al.* v. DEVOE *et al.*

| | |
|---|---|
| 80 | 521 |
| 89 | 739 |
| 80 | 521 |
| 92 | 57 |
| 80 | 521 |
| 105 | 102 |
| 80 | 521 |
| 123 | 115 |

1.  **Appeal:** TRIAL ON RECORD ONLY. Causes in this court are tried only upon the record remaining in the court below, certified here by transcript. The transcript cannot be altered, added to or contradicted by matter *dehors* the record.

2.  ————: CERTIFYING EVIDENCE. The certificate of the trial judge that the evidence of certain named witnesses was reduced to writing, and, with the exhibits therein referred to, was all the evidence offered, introduced, admitted and used in the trial of the cause, and was all duly filed in the office of the clerk of the court, is not sufficient to preserve and identify the evidence for a trial *de novo* upon appeal.

*Appeal from Union District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, JUNE 5, 1890.

ACTION in chancery to declare a note to be usurious, and a deed absolute to be a mortgage securing it, and to redeem therefrom. Upon the hearing on the merits, the deed was held to be a mortgage, and judgment was entered on the note, and the mortgage was foreclosed.

*D. D. Gregory* and *James G. Bull*, for appellants.

*McDill & Sullivan*, for appellees.

BECK, J.—I. Defendants move this court to strike from the record and abstract of plaintiff the evidence, for the reason that it was not certified and made of record within the time prescribed by law wherein an appeal may be taken. This motion is based upon an amended abstract filed by defendant containing the following allegations: "A. B. Devoe and Geo. W. Devoe, appellees herein, deny that the abstract of Jennie S. Blanchard *et al.*, appellants, is a full, true, correct and complete abstract of all the evidence, pleadings, exhibits, papers, records of said cause, as the same now appears of record in the district court of Union county, Iowa. Appellees expressly allege that said abstract contains much evidence which is not a part of the record in this case, which has never been identified and made part of the record in the court below, and that the evidence of Geo. W. Devoe, Michael Owens, J. O. Donovan, A. B. Devoe, John Hall, A. B. Hall, C. H. Fuller, W. B. Cowles, found on printed pages 154 to 162, inclusive, of said abstract, said evidence purporting to have been taken by J. E. Brooks, official reporter of the district court, on the twenty-seventh day of November, 1888, has never been properly identified, filed and made part of the record in this case. That said short-hand notes have never been filed in the office of the clerk of the district court of Union county, Iowa. That the paper purporting to be the short-hand notes of the testimony of the witnesses named above has never been made and placed in the office of the clerk of the district court of Union

county, Iowa. That such purported translation has never been filed in the office of said clerk. That the purported translation was not made out until the twelfth day of March, 1889, as will appear by the certificate of J. C. Brooks attached thereto. That more than six months have elapsed from the date of the entry of the decree in the case of Blanchard *v.* Devoe, and that, up to this date, the judge of the district court of Union county, Iowa, before whom the above-entitled cause was tried, has in no manner certified either to the short-hand notes or to the translation thereof; all of which will more fully appear by the affidavits of J. B. Sullivan and D. Davenport, hereto attached, and made a part of this denial. Appellees deny that said abstract contains all the evidence upon which the cause was tried below."

The plaintiff filed a denial of defendants' amended abstract, and an affirmance of their own, in the following language:

"Jennie S. Blanchard *et al.*, appellants herein, affirm the correctness of their abstract in all particulars excepted to by defendants in their denial, as fully appears by the following evidence of the same: Appellants will meet the denial or objections of appellees *seriatim.* As to the identification and certification of the evidence, and all of the evidence, offered, introduced, admitted and used in said trial by both parties, the appellants annex the following:

"'I, JOHN W. HARVEY, judge of the third judicial district of the state of Iowa, before whom the above-entitled cause was tried, in Afton, Union county, Iowa, do hereby certify that the evidence of John Hall, W. A. P. Blanchard, W. F. Patt, J. L. Louden, Wm. Hawks, Wm. Locke, Mark Blanchard, W. M. Scott, Geo. Hurst, I. S. Roseberry, J. B. Harsh, A. Mallory, C. H. Fuller, Thos. Hall, A. B. Hall, H. M. Spencer, S. J. Goldsmith and B. B. Bonham was reduced to writing, and, with the exhibits therein referred to, was all of the evidence offered, introduced, admitted and used in said trial on the part of plaintiffs in said court;

and the evidence of A. B. Devoe, Geo. W. Devoe, M. Owens, Jno. A. Patterson, W. D. McCandless, Wm. Devoe, H. J. Devoe, Mrs. Wm. Devoe, J. L. Haverick, A. J. Bivens, W. B. Cowles, J. M. Joseph, David Coffeen, H. S. Clark and J. O. Donovan was reduced to writing, and, with the exhibits therein referred to, was all the evidence offered, introduced, admitted and used in said trial on the part of the defendants in said court, and which was all duly filed in the office of the clerk of said court. And I further certify that the judgment and decree in said cause was made and signed by me on the first day of September, and filed with the clerk of the district court of Union county on the fourth day of September, 1888. Witness my hand this ninth day of February, 1889.

" 'JOHN W. HARVEY,
" 'Judge Third Judicial District of Iowa.'

"On the eighth day of February, 1889, the following stipulations were made a part of the foregoing certificate, and sent to Judge HARVEY by mail, at Leon, Iowa.

" ' It is agreed by the parties, plaintiffs and defendants, hereto, that this certificate, when signed by Judge HARVEY, will be correct.

" 'JAS. G. BULL,
" 'Attorney for Plaintiffs.
" 'McDILL & SULLIVAN,
" 'Attorneys for Defendants.'

"Whereas formal judgment and decree, in pursuance of the decree filed September 4, 1888, was not entered until November 27, 1888, it is hereby agreed that the time for appeal shall commence on that date, and that either party shall have the statutory period from November 27, 1888, in which to perfect the appeal, and the cause shall be submitted at the October term, 1889, of the supreme court. Creston, Iowa, February 8, 1889.

"JAS. G. BULL,
"Attorney for Plaintiffs.
"McDILL & SULLIVAN,
"Attorneys for Defendants."

It is alleged in this denial by plaintiffs that the certificate and stipulation were filed by the clerk of the district court, February 15, 1889. Affidavits by the clerk, reporter and attorney of defendants were filed, intended to show that the reporter's notes, and the translation thereof, were filed by the clerk ; but it is not attempted to be shown in this way that the evidence was certified as required by law. It is sufficient to say that cases in this court are tried upon the record remaining in the court below only, certified here by transcript. The transcript cannot be altered, added to or contradicted by matter *dehors* the record. See McClain's Dig., p. 82, secs. 655–721, for reference to decisions of this court upon the familiar doctrines we have stated, We cannot consider the affidavits. But it may be remarked that they fail to show that the evidence was duly certified.

**1. APPEAL: trial on record only.**

II. The certificate of the judge above quoted, it will be observed, fails to show that the short-hand reporter's notes, and the translation thereof, contain and set out all the evidence. It shows that the evidence was reduced to writing, but does not certify that the notes of the reporter, and the translation thereof, contain all the evidence, or that all of the evidence was made of record. The judge is required by the law to certify the evidence. He has not done so in this case. The plaintiff does not even show that the reporter certified to his notes and translation, which, however, had it been done, would not have dispensed with the judge's certificate. We have a case, then, in which there is a failure to present the evidence properly certified. Whatever purports to be evidence, which is found in the abstract and transcript, must be stricken therefrom as not being of record. We need not cite the numerous familiar decisions of this court, which we now follow. The motion of defendant to strike must be sustained. The case is triable here *de novo*. As we have not the evidence before us, we can do nothing but enter a judgment affirming the decree of the court below. AFFIRMED.

**2. ——: certifying evidence.**