W. D. CHAPEL, Appellee, v. WILLIAM WADSWORTH, Appellant.

Practice in Supreme Court : RECORD: EVIDENCE: ERROR IN INSTRUCTIONS TO JURY: REVIEW ON APPEAL.

*Appeal from Worth District Court.*—HON. R. W. RUDDICK, Judge.

WEDNESDAY, MAY 25, 1892.

ACTION at law to recover one hundred and twenty-five dollars with interest, on some ten different items stated in the petition. Answer

denying most of the facts alleged, and setting up as *counter* claims, twenty-seven different items, upon which the defendant asked judgment for eight hundred and seventy-eight dollars and eighty-one cents, with interest. The plaintiff replied joining issue as to the most of the facts alleged, and denying any indebtedness on the counter-claim. There was a verdict and judgment for the plaintiff for ninety-six dollars. The defendant appeals. AFFIRMED

*Pickering & Hartley* and *Cliggett & Rule*, for appellant.

*L. S. Butler*, for appellee.

GIVEN, J.—The appellee moves to strike all that part of the appellant's abstract which undertakes to set out or state the evidence introduced, and to affirm the judgment, for the reason that the evidence was not preserved by bill of exceptions, and is not contained in the abstracts. The abstracts do not purport to set out the testimony or any part thereof. The only reference to it in the appellant's abstract is as follows: "On the issue thus joined this case was tried to a jury on the twenty-first and twenty-second days of February, 1890, on oral testimony, and the defendant introduced evidence tending to support the several allegations of his answer." The appellant's only complaints are of certain paragraphs of the court's charge as erroneously placing the burden of proof upon him as to certain items in controversy. It is not infrequent that the burden of proof as shown by the pleadings, may be shifted by admissions on the trial, or the introduction of uncontroverted evidence. It follows, therefore, that we cannot pass upon the correctness of these instructions, in the absence of the evidence. The plaintiff's motion to strike and affirm must, therefore, be sustained. AFFIRMED.