THE STATE OF IOWA, Appellee, v. DUNCAN BLACK, Appellant.

Bastardy: EVIDENCE: INSTRUCTIONS TO JURY.

*Appeal from Webster District Court.*—HON. D. R. HINDMAN, Judge.

### MONDAY, MAY 16, 1893.

PROCEEDING under the statute to charge the defendant with the maintenance of a bastard child. There was a verdict and judgment for the state, and the defendant appeals.—*Affirmed.*

*Botsford, Healy & Healy,* for appellant.

*W. S. Kenyon,* County Attorney, and *M. D. O'Connell,* for the State.

KINNE, J.—I. This is a proceeding instituted in the name of the state at the instance of Alice Roy, who charges that the defendant is the father of her bastard child, born May 12, 1889. Alice Roy, it appears, had been acquainted with the defendant about eight years prior to the time the connection took place which she alleges resulted in the conception of her child. Her more intimate acquaintance with the defendant began in 1888. She testifies to various acts of intercourse between her and the defendant in July, August, and October, 1888, and claims the child was the fruit of the intercourse had with him in August, 1888. Error is assigned in the admission of testimony of Alice Roy, Fred Hazelbrink, and William Quad as to acts of intercourse had between Alice Roy and the defendant in October, 1888. In case of the last two witnesses the evidence was objected to as being incompetent, immaterial, and irrelevant, and in one case a motion was made to strike out the testimony so given. The objection and motion were overruled, to which timely exceptions were taken. It is urged that such evidence was not admissible, as connection had in October (two months after the alleged conception of the child) did not tend to establish the paternity of the child born May 12, 1889. Whether, in such a case, it is competent to show intercourse between the complainant and the defendant at a period so remote from the time the child must have been conceived, in the absence of evidence showing that the usual and ordinary period of gestation had not elapsed, we need not determine. The complainant testified without objection that she had intercourse with the defendant in October, 1888. It was not denied except by the plea of not guilty. The defendant did not go upon the stand. It follows, then, if the admission of other testimony to the same effect was error, it was without prejudice.

II. Exception is taken to the sixth instruction given by the court, and it is claimed that under it the defendant was required to establish his plea of not guilty by a preponderance of the evidence. The instruction reads:

"Evidence has been introduced on the part of the defendant tending to show that at, or about, the time the complaining witness, Alice Roy, became pregnant, she had sexual intercourse with other men, and if you shall find from the evidence in this case that at, or about, the time the said Alice Roy became pregnant she had sexual intercourse with any other man or men, such fact should be duly considered by you, and given such weight as, in your judgment, it is entitled to; and if such evidence, when considered with all the other evidence introduced on this trial, fails to satisfy your minds that the defendant is the father of the child born unto the said Alice Roy, then your verdict shall be for the defendant."

The instruction should be read in connection with the one which follows it, wherein the jury are plainly told that, even if they find that the

complainant did have connection with other men at or near the time the child was begotten, yet if they are fully satisfied from all the evidence that she became pregnant with and gave birth to a bastard child, that the mother and child are residents of that county, and that the defendant was the father of the child, they would be justified in finding him guilty. While the latter part of the instruction under consideration is objectionable as to its phraseology, yet, when read in connection with the other paragraphs of the charge, it is not open to the objection urged. The jury could not fail to understand from the whole charge that the burden was on the state to establish the fact that the defendant was the father of Alice Roy's child.

III. It is said the court erred in sending the complaint to the jury. We do not find that any objection was made to the court's action in this respect. The first time the matter appears in the record is in the motion for a new trial. Even if it was error, a point we do not decide, defendant could not take advantage of it, having, so far as the record shows, permitted the complaint to be sent to the jury without any objection on his part.

IV. It appears that for some reason, which is not disclosed in the record, the court read the seventh paragraph of the charge twice to the jury. It is claimed this prejudiced the defendant. No exception was taken at the time to this act of the court, and it is brought to our attention by affidavit of counsel Whether the second reading was error would depend on the manner of the reading, and the reason for it. The record is silent as to these matters. Moreover, the matter presented should have been preserved by bill of exceptions. The record can not be thus enlarged by affidavits. *Blanchard v. Devoe,* 80 Iowa, 521; *McArthur v. Schultz,* 78 Iowa, 364.

V. Counsel insist that the evidence did not justify the verdict, and, as usual in such cases, the evidence is conflicting. There is evidence showing intercourse between complainant and other parties about the time the child must have been conceived. It is denied by the complainant, as also by some of the persons who are said to have been parties to the acts. Two or three young men, one of them a brother of the defendant, testified to having had intercourse with the complainant about the time conception would ordinarily have taken place. It is evident the jury did not believe these witnesses. They had the witnesses before them. They could observe their manner and conduct upon the stand. It may have been such as to satisfy the court and jury of the falsity of their statements. If the jury did not believe them, and did believe the testimony of the state's witnesses, there was ample evidence upon which to base their verdict. The defendant did not go upon the stand and deny the charge. We can not disturb the verdict. We have noticed all the errors argued by counsel.

The judgment must be AFFIRMED.