JOHN L. SLOAN, Appellant, v. W. H. DAVIS and LEVI KECK, Defendants, et al., Interveners.

**Compounding felony:** ADULTERY: *Public policy.* By an agreement for the settlement of a civil action for seduction, plaintiff was to destroy all the evidence in his possession or under his control, which would tend to prove or connect defendant with the acts charged or claimed to have been done by him. It appeared from the agreement that no criminal prosecution was intended by the parties having the right to prosecute. *Held,* that, as the prosecution of the plaintiff's wife was at the option of her husband, and

that of the defendant at the option of his wife, the principle of public policy does not apply, as in cases where the prosecution may be otherwise instituted.

**Contract:** CONSIDERATION. The settlement of an action for the seduction and the alienation of the affections of plaintiff's wife is sufficient consideration for money paid and notes given by defendant to secure such settlement

**Written compromise:** LAW QUESTION. An agreement showed on its face that it was intended as a settlement of a civil action, and contained no reference to a criminal prosecution. *Held*, that, the consideration of the settlement was not, as a matter of law, the compounding of a felony, nor contrary to public policy.

**Appeal:** WAIVER OF RULES. A motion to modify and waive the rules in regard to certification of the evidence in an equitable action, under supreme court rule, section 90, providing that when by reason of peculiar circumstance the rules relating to the abstract, preparation and argument of causes ought to be waived or modified, such modification or waiver may be granted upon proper application, will be refused where neither the shorthand notes nor he extension thereof were ever certified by the trial judge as required by Code, 1873, section 2742. The terms of the rule do not include *authentication*.

EVIDENCE: *Review*. Alleged error in admitting or excluding evidence cannot be considered on appeal where the evidence is not in the record.

SAME. The ruling of the trial court in denying a motion to correct the record so as to show that the extension of the shorthand notes was properly certified by the judge and the reporter cannot be reviewed by the supreme court where the motion was heard on affidavits and oral testimony taken in open court, and the evidence is not before the supreme court.

TRANSCRIPTS: *Statutes*. The amendment of the Code of 1873, section 3179, by Acts Twenty-sixth General Assembly, chapter 64, providing that the translation of the original notes of the shorthand reporter, certified by him to be correct, shall constitute a part of the record, and shall be sent up in its original form, in lieu of the transcript of the evidence, is limited to said section 3179, and does not, by implication or otherwise, repeal section 2742, which requires all the evidence taken in equitable causes to be certified by the judge within the time allowed for the appeal.

*Appeal from Jackson District Court.*—HON. W. F. BRAN-
NAN, Judge.

FRIDAY, APRIL 8, 1898.

ACTION in equity to enjoin the delivery and colec-
tion of three promissory notes executed by plaintiff to
defendant Davies, and placed in the possession of
defendant Keck, and to cancel the same; also, to recover
two thousand dollars, money paid by plaintiff to
defendant Davies. The ground alleged for this relief
is that said money was procured to be paid, and said
notes to be executed, without consideration, and by
false and fraudulent pretenses and representations and
duress. Defendant Davies answered, denying said
alleged grounds for relief, and asking judgment on one
of said notes. Defendant Keck, for want of informa-
tion, denies said alleged grounds for relief, and dis-
claims any interest in the matter in suit. Johnson &
Kelsey intervened, claiming to own one of said notes,
and asking judgment thereon. Murray & Farr also
intervened, claiming to own another of said notes, and
asking judgment. Plaintiff replied, denying that inter-
veners were owners of said notes, and denying the right
of either of said parties to judgments on said notes.
Decree was rendered September 10, 1896, dismissing
plaintiff's petition, and judgments were rendered
against him on each of said promissory notes in favor
of the defendant Davies and each of the said interven-
ers. Plaintiff appeals.—*Affirmed.*

*D. A. Wynkoop* and *L. A. Ellis* for appellant.

*W. C. Gregory* and *Hayes & Schuyler* for appellees.

GIVEN, J.—I. Several motions are submitted with
the case; the first to claim our attention being appel-
lees' motion to strike from appellant's abstract that

part purporting to set out the evidence, on the ground that neither the shorthand notes of the evidence, nor any translation or extension thereof, were ever certified to by either the official shorthand reporter or the judge who tried the case. In support of this motion, appellees filed a certificate of the clerk of the district court, made May 17, 1897, to the effect that what purported to be the shorthand notes of the evidence were filed in his office December 28, 1895; and that the appearance docket shows that the extension or transcript of said notes was filed on the second day of December, 1896. He certifies that upon examination of said documents he finds that neither bears any certificate of the reporter or of the judge, nor any certificate whatever. Appellant, in resistance to said motion, filed the affidavit of D. A. Wynkoop, one of his attorneys, and the affidavits of several persons who assisted Mr. Wynkoop in preparing the abstract, to the effect that at the time the abstract was prepared the extension of the shorthand notes of the evidence did bear the certificate of the reporter and judge attached thereto, and their belief that the same had in some manner become detached. Appellant also filed the affidavits of several others as to statements made by the reporter to the effect that he and the judge had certified the notes and extension. Appellant having filed his motion in the district court to correct the record so as to show that the extension of the shorthand notes was properly certified as of December 2, 1896, by the judge and the reporter, the case was continued in this court pending said motion. The motion was heard in the district court December 7, 1897, "on affidavit and oral testimony taken in open court," and overruled. We are not called upon to review this ruling, nor could we do so, as we have not the evidence before us upon which the ruling

was based. We must therefore accept it as an adjudicated fact that neither the shorthand notes nor the extension thereof were certified by either the reporter or the judge within six months from the rendition of the decree and judgments. Appellant shows, in denial of appellees' additional abstract, that at a date which does not appear, but which was evidently long after the expiration of six months, the reporter did certify the shorthand notes. It is manifest, however, that neither the shorthand notes nor the extension thereof were ever certified by the judge. Pending this motion to strike the evidence, appellant moved this court to modify and waive the rules in regard to certification of the evidence in this case, upon several grounds. This motion is based upon section ninety of the rules of this court, which provides, "When, by reason of peculiar circumstances, the foregoing rules relating to the abstract, preparation and argument of causes, ought to be waived or modified in any case," such modification or waiver may be granted upon proper application.

It will be observed that this provision relates to the preparation of the abstract and argument, and not to the authentication of the record. This motion to waive or modify the rule is based largely upon said affidavit, tending to show that the shorthand notes and translation thereof were properly certified; but, as we have seen, it has been judicially determined that such was not the fact. This motion of appellant must be overruled, and we now proceed to consider appellees' motion to strike, in the light of the statute and rules. Section 3173, Code 1873, provides that appeals may be taken to this court "at any time within six months from the rendition of the judgment or order appealed from, and not afterward." Section 2742 requires that evidence in equitable actions shall be taken in writing, and "all the evidence so taken shall be

certified by the judge at any time within the time allowed for the appeal of said cause, and be made a part of the record, and go on appeal to the supreme court which shall try the cause anew." Section 3179, as amended by chapter 35, Acts Twenty-second General Assembly, after providing how appeals should be perfected, provided as follows: "But no transcript of the record need be forwarded to the supreme court until a denial of appellant's abstract of the record has been served, and if no denial shall be made no transcript of the record shall be required." This section was further amended by chapter 64, Acts Twenty-sixth General Assembly, as follows: "And the translation of the original notes of the shorthand reporter certified by him to be true and correct shall constitute a part of the record, and shall be sent up in its original form in lieu of a transcript thereof, when a transcript of the evidence is required, and shall be returned to the clerk of the proper county after the cause has been determined by the supreme court." Appellant's contention is that by this amendment it is only required that the translation of the evidence be certified by the reporter, and that such certification need not be made within the time allowed for an appeal. The amendment is expressly limited to section 3179, and, we think, was intended simply to avoid the labor and expense of transcribing the translation of the notes of the evidence by providing that the original translation, certified by the reporter, should be sent up, instead of a copy thereof by the clerk. This provision does not, by implication or otherwise, repeal the provision of said section 2742, which requires that all the evidence taken in equitable causes shall be certified by the judge within the time allowed for the appeal. See *Blanchard v. De Voe*, 80 Iowa, 521; *Chapel v. Wadsworth*, 85 Iowa, 742. Our conclusion is that appellant's motion to modfy the rules

must be overruled, and that appellee's motion to strike that part of the abstract purporting to set forth the evidence must be sustained.

II.   Appellant presents twenty-three assignments of error, all of which, except the first eight, are unquestionably grounded upon rulings on the evidence; and, as the evidence is not before us, they cannot be considered.   Defendant Davies, in his answer, sets out the stipulation of settlement of a case wherein he was plaintiff, and the plaintiff, Sloan, was defendant, and which stipulation is as follows: "In the District Court of Jackson County, Iowa.   W. H. Davies, Plff., vs. John L. Sloan, Deft.   Stipulation of Settlement.   Whereas, on the 17th day of February, 1894, the above-named plaintiff did begin an action against the defendant herein for the sum of twenty thousand dollars, as damages for the seduction and alienation of his wife's affections; and whereas, on the same day the same defendant, John L. Sloan, did in the presence of Wm. Graham, accept due and legal service of the said notice, which notice is hereunto attached and made a part hereof on the same 17th day of February:   Therefore it is hereby agreed and stipulated that for the purposes of avoiding public discussion of the truth or falsity of said charge, and in full satisfaction and settlement of the said demand and suit, and in payment in full of all damages claimed, or claimed to have been sustained, by the said W. H. Davies, because of the said alleged act or acts of this defendant, this defendant shall pay to the plaintiff herein the sum of five thousand dollars ($5,000), in manner and form as follows, to wit:   The sum of two thousand dollars ($2,000) in cash, and shall execute his individual notes in favor of the plaintiff,—one in the sum of seven hundred and fifty dollars ($750), due in two years from this date, and bearing interest at six per cent. per annum,

payable annually; one for seven hundred and fifty dollars ($750), due in two years from this date, and bearing six per cent. interest per annum, payable annually; and one for fifteen hundred dollars ($1,500), due in three years, and bearing six per cent. interest per annum, payable annually. And it is further stipulated and agreed that this stipulation, together with the three above-described notes, shall be placed in the hands of Levi Keck, as custodian, upon the following conditions, to wit: That said Levi Keck shall hold the said notes until their maturity: provided, however, that if the annual interest shall not be paid, when due, to said Levi Keck, then and in that event he shall deliver the said notes to the owner or owners thereof. And it is further provided that, if said owner or owners shall at any time desire to bring action upon said notes, then the said Keck shall furnish to the said owners copies thereof, to attach to their petition or petitions, and shall produce the originals in court, as evidence, when required so to do; and, after the payment of said notes in full, then the said Keck shall destroy this stipulation, without at any time furnishing any person a copy thereof, or without making or retaining one himself, or permitting one to be made. And it is further agreed on the part of the plaintiff hereto that he will deliver to, or destroy in the presence of, the defendant or his attorney, all evidence or evidences which he may have in his possession or under his control, or under the control of his attorneys which may tend to prove or connect the defendant with the acts charged or claimed to have been done by him in said suit, save and except only certain letters claimed to have been written by the wife of the plaintiff to the defendant, which letters, it is agreed, shall remain in the possession of G. L. Johnson so long as the same may be required to be used as evidence in a divorce proceeding between the plaintiff herein and his wife, after

which time the said letters shall be destroyed in the presence of the defendant or his attorneys. In witness whereof, we have hereunto set our hands and signatures this tenth day of March, 1894. Johnson & Kelsey, Murray & Farr, Attys. for Plff. A. L. Bartholomew and Wm. Graham, Attys. for Deft." Appellant's first eight assignments of error are that the court erred in the following particulars: In holding that the consideration for the settlement was a valid consideration for the notes in question, and in sustaining said settlement. In not holding that said agreement is an agreement to compound a felony, and in holding that it was not contrary to the statute, and void. In not holding that it was a contract to conceal, suppress, and destroy the evidence of Sloan's adultery, and therefore contrary to public policy and void, and in not holding the agreement was an agreement to stifle a public prosecution, and therefore void. The agreement shows upon its face that it was an agreement for the settlement of the civil action of Davies against Sloan, then pending. It contains nothing whatever with respect to a criminal prosecution. Plaintiff, Sloan, being then a married man, Davies could not prosecute him criminally for adulterous intercourse with his wife. His redress was simply by a civil action. See *State v. Oden,* 100 Iowa, 22; *State v. Mahan,* 81 Iowa, 121. By the agreement Davies was to deliver or destroy all evidence in his possession, or under his control, "which may tend to prove or connect the defendant with the acts charged or claimed to have been done by him," excepting letters written by Mr. Davies' wife to the defendant, which were to be preserved for the purpose of a divorce proceeding against Mrs. Davies. The prosecution of Mrs. Davies being entirely at the option of her husband, and the prosecution of the plaintiff, Sloan, being entirely at

the option of his wife, the principle of public policy does not apply, as in cases where prosecutions may be otherwise instituted. As matters stood, it does not seem at all probable that a criminal prosecution was intended by either of the parties having a right to prosecute, and it is evident that this agreement of settlement was prompted in part, at least, by a desire to avoid the publicity that would have attended the trial of that civil action. We do not think it can be said as a matter of law, that the consideration for that agreement of settlement was the compounding of a felony, or contrary to public policy. We think the settlement of the pending action was a sufficient consideration for the money paid and the notes given by Sloan to Davies. It follows from the conclusion announced that the judgment of the district court must be affirmed.— AFFIRMED.