D. M. SMITH, Appellant, v. W. T. BROWN AND MRS. NEL-
LIE C. SPRINGER; (the building and premises described
as follows): Lot 44, in Columbus Junction, Iowa,
Appellees.

Appeal: ERROR IN TITLE OF CASE. A statement of counsel in the ab-
stract that a clerical error appears in the judge's certificate of
the evidence and in the title of the cause cannot be considered
on appeal; and where the discrepancy is such as to preclude an
application of the rule of *idem sonans,* the case cannot be con-
sidered *de novo.*

*Appeal from Louisa District Court.*—HON. JAMES D.
SMYTH, Judge.

TUESDAY, FEBRUARY 16, 1904.

SUIT in equity to enjoin an alleged liquor nuisance. The
trial court dismissed plaintiff's petition, and he appeals.—
*Affirmed.*

*E. R. Acres* and *E. B. Tucker* for appellant.

*Arthur Springer* and *C. A. Carpenter* for appellees.

DEEMER, C. J.—The case is in equity, and is triable
here *de novo.* In order that there may be such a trial, the
evidence in the lower court must have been preserved, prop-
erly certified, and filed within six months of the rendition
of the decree. Attached to some shorthand notes we find a
certificate of the trial judge that they are the shorthand notes
of all the evidence in the trial of the cause wherein D. M.
Smith was plaintiff and W. T. Brown and Nellie C. Sprague
*et al.* were defendants. The shorthand reporter who took
them retired from office, and thereafter he made a transla-
tion thereof, and under oath stated that it was a full and com-
plete transcript of the shorthand notes taken in the case of
D. M. Smith v. W. T. Brown and Nellie C. Sprague *et al.*
This translation was headed as in the "District Court of Lou-

isa County.   D. M. Smith v. W. T. Brown, Nellie C. Sprague
*et al."*   Counsel ·say in their abstract that the word
"Sprague" is a clerical mistake in the transcript, that it
should be "Springer," and that the translation was filed in
the case now before us, and is a transcript of the evidence in
that case; that there never was a case of D. M. Smith v. W.
T. Brown and Nellie C. Sprague in the district court.

These statements cannot, of course, be considered.   The
certificate, affidavit, and title to the transcript are the only
matters which we may consider in determining whether or
not we have the record of the case properly before us.   Nei-
ther affidavits nor statements of counsel can be considered
upon that question.   If there was a mistake it should have
been corrected in the district court.   We must take the re-
cord as it is.   Aside from this, there is no statement from
counsel, or any other showing, that there is any mistake in
the certificate of the trial judge.   The whole question then
is:   Is a case entitled "D. M. Smith v. W. T. Brown and
Mrs. Nellie C. Springer the building and the premises de-
scribed as follows:   Lot 44, original town of Columbus Junc-
tion, Iowa," the same as one entitled "D. M. Smith v. W. T.
Brown and Nellie C. Sprague *et al."*?   Manifestly not.   Nel-
lie C. Sprague is not Mrs. Nellie C. Springer.   Neither is
the building and premises described as "Lot 44," etc., the
same as *"et al."*   Unless they are the same, or so nearly the
same as that we may apply the rule of *idem sonans,* it is
manifest that neither the shorthand notes nor the transcript
in the case is properly identified.   Without this identifica-
tion, we cannot consider the case *de novo.*   The following
cases tend to support our conclusions:   *Bauernfiend v. Jonas,*
104 Iowa, 57; *Teague v. Fortsch,* 98 Iowa, 92; *Joy v. Bit-*
*zer,* 77 Iowa, 73; *Blanchard v. Devoe,* 80 Iowa, 521; *Lewis*
*v. Minthon,* 73 Iowa, 80; *Gardner v. R. R.,* 68 Iowa, 588.

Having nothing before us but the pleadings· and the de-
cree, we cannot say that the court was in error in dismissing
the proceedings.   The decree is therefore AFFIRMED.