FRY v. THE DUBUQUE & SOUTHWESTERN RAILWAY COMPANY.

1. **Damages**: FUTURE PHYSICAL SUFFERING. While future physical suffering is a proper element of damages, yet the damages should be limited to such as would result with reasonable certainty from the injury complained of and should not be left to mere conjecture.

*Appeal from Jones District Court.*

WEDNESDAY, MARCH 21.

IT is claimed by the plaintiff that the defendant permitted snow and ice to accumulate on the steps and platform at its station house in Monticello, whereby the same became dangerous, and that plaintiff slipped and fell therefrom, whereby she was greatly injured. There was a jury trial. Verdict and judgment for the plaintiff. Defendant appeals.

*Clark & Moulton* and *N. M. Hubbard*, for appellant.

*J. Q. Wing* and *E. Keeler*, for appellee.

SEEVERS, J.—The evidence satisfies us that the injury received by the plaintiff was not of a permanent character, nor was it at all times painful. At the trial the plaintiff testified: "I still have to bathe my limb in cold water sometimes and wrap it up after walking, it gets

<span style="font-size:small">1. DAMAGES: future physical suffering.</span>

painful." The limb had been previously injured, and the attending physician testified: "I think her limb was in a fair way to recover permanently after the first injury, and I would not say there is no chance for a permanent recovery now, and I think the probabilities are in favor of a recovery now." Such being the evidence as to the character of the injury and the probabilities as to future suffering, the court gave the jury the following instruction:

"9. If you find from the evidence, as hereinbefore stated, the plaintiff is entitled to recover, then you will take into consideration the nature and character of the wound or injury, the present situation and condition of her limb, the pain she has suffered, or which from the evidence she will suffer, and you will give her such damages as will fairly compensate her for all past, present or future physical suffering or anguish which is, has been or may be caused by said injury."

If the injury is of a permanent character, it is conceded there may be a recovery for future physical suffering, and such was the ruling of this court in *Collins v. Council Bluffs*, 32 Iowa, 324. But it is claimed such is not the rule if the injury is not of that character. We, however, think otherwise, and hold that if the injury is not of a permanent character, but the reasonable certainty is, as shown by the evidence, there will be future pain and suffering there may be a recovery therefor. There was evidence tending to show there might be such suffering, sufficient to authorize the court to submit such question to the jury. We, however, are of the opinion the instruction is too broad, and throws open the door so wide that the jury could well enter the domain of conjecture and indulge in speculation to a greater extent than is allowable. The jury were authorized to not only give damages for future pain and suffering, but also for such as *may* be caused by said injury. They should have been directed that they might give the plaintiff damages for such future pain as it was reasonably certain from the evidence she would suffer. They should have been clearly and positively instructed that they could look alone to the evidence and therefrom determine as to the future suffering. They had no right to allow damages for

mere possibilities, and such under the instruction they could without doubt have allowed.

In view of a re-trial we deem it proper to say that we discover no other error, unless it be in the admission of the evidence of Henry Austin, and whether such evidence was admissible we are not agreed, and this must be regarded as an open question. The doubt is whether it was proper to permit Austin to testify as to the condition of the steps during the whole month of February, instead of confining the evidence to about the time the plaintiff was injured.

REVERSED.