HATTIE FORD v. THE CITY OF DES MOINES, Appellant.

**Negligence:** SIDEWALKS: *Jury question.* Evidence is admissible that a walk sloped five feet in forty and that it had no cleats or handrail, and where it also appears that the walk was not constructed according to any plan adopted by the city, but built as a temporary expedient to be used until the street was brought to grade, it becomes a jury question whether the city was negligent in constructing and permitting the walk to remain as it was at the time of an accident.

SAME. *Several causes of injury.* A city is not relieved from liability for injuries sustained by falling upon a sidewalk which was established at too steep a grade, because the icy condition of the walk, for which it was not responsible, contributed to the accident. It was for the jury to say whether danger from snow should have been provided for when a sloping walk was built.

DAMAGES: *Future suffering.* To authorize an allowance for future pain, inconvenience and impairment of enjoyment, in an action for personal injuries, the evidence must show that such consequences are reasonably certain to continue, and evidence which merely shows that they may continue is not sufficient.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

SATURDAY, MAY 28, 1898.

ACTION at law to recover for personal injuries sustained from a fall on a sidewalk, for which the defendant is alleged to have been responsible. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*J. K. Macomber* for appellant.

*Balliet & Stahl* for appellee.

ROBINSON, J.—In the year 1895 an officer of the defendant constructed on Fifteenth street, from an alley to Center street, a temporary sidewalk. It was placed in a trench cut for that purpose, was about forty feet in length and three feet in width, and was made by placing together planks lengthwise of the trench. The walk was sloping, the difference in height between the highest and lowest parts of the walk being about five feet; but cleats were not fastened on the walk, nor were there hand rails at the sides. While the walk was in that condition, the plaintiff attempted to pass down it, and in so doing slipped and fell, and received the injuries of which she complains. The verdict and judgment were for the sum of five hundred dollars, exclusive of costs.

I.   The defendant objected to the introduction of evidence which showed that the walk was sloping, and now claims that it was erroneously admitted, for the alleged reason that, if the walk was too steep, it was due to a fault in the plans, and to an error in judgment, and not to neglect of duty.   A sufficient answer to this claim is that the walk was not constructed according to any plan adopted by the defendant.   It was a mere temporary expedient, apparently intended to be used until the street should be brought to the established grade; and, if it was improperly constructed or lacked appurtenances it should have had to make it reasonably safe for the use for which it was designed, the city was negligent in permitting it to remain in that condition.   *Clemence v. City of Auburn,* 66 N. Y. 334.   It was, therefore,. proper for the plaintiff to show that the walk was sloping, and also to show that it lacked appurtenances which were required to make it safe.   Whether the defendant was negligent in constructing the walk and in permitting it to remain as it was. at the time of the accident was a question for the determination of the jury.   *Baxter v. City of Cedar Rapids,* 103 Iowa,. 599, and *Graham v. Ttown of Oxford,* 105 Iowa, 705.

II.   The district court charged the jury as follows:   "If you find that the plaintiff is entitled to recover, the next inquiry will be as to the amount of her recovery.   *   *   *   The damages to which she is entitled, if any, are such as are caused by the bodily pain and suffering, distress and mental anguish and inconvenience, and the impaired enjoyment of life by reason of the injury, and for such pain and inconvenience and impairment of enjoyment for such time as the same has been or may continue, as shown by the evidence, in the future, if any.   *   *   *"   This is similar to an instruction considered in *Fry v. Railway Co.,* 45 Iowa, 416, which was as follows:   "If you find from the evidence, as hereinbefore stated, the plaintiff is entitled to recover, then you will take into consideration the nature and character of the wound or injury, the present situation.

and condition of her limb, the pain she has suffered, or which from the evidence she will suffer, and you will give her such damages as will fairly compensate her for all past, present, or future physical suffering or anguish, which is, has been, or may be caused by said injury." We said of that instruction that it was too broad; that it was of a nature to allow the jury to enter the domain of conjecture, and indulge in speculation to a greater extent than was allowable; that the jury should have been directed that it might give the plaintiff damages for such future pain as it was reasonably certain from the evidence she would suffer, and that the jury should have been clearly and positively instructed that it should determine as to the future suffering from the evidence alone. The portion of the charge under consideration authorized the jury to allow for "pain and inconvenience and impairment of enjoyment for such time as the same * * * may continue, as shown by the evidence, in the future. * * *" In other words, the jury was authorized to allow the plaintiff for pain, inconvenience, and impairment of enjoyment which the evidence showed might continue in the future, which was merely possible, not for what the evidence showed was reasonably certain to continue. In this respect the charge was erroneous.

III. Some of the evidence tends to show that the walk in question was made slippery by snow which fell during the afternoon of the accident, and which was partially melted and slushy, and that the plaintiff slipped and fell in consequence of that condition of the walk. It is insisted by the appellant that it is not liable for injuries caused by fresh snow or ice. That would be true in many cases; as, where snow has fallen or ice has accumulated on a walk which is properly constructed, and a reasonable time for its removal has not elapsed when injury is caused by it. See *Huston v. City of Council Bluffs,* 101 Iowa, 33; *Lindsay v. City of Des Moines,* 68 Iowa, 368. But that walks are made slippery by melting snow is a fact of common knowledge, and should be considered in constructing walks, especially those which have

sloping surfaces, and, in consequence are liable to be dangerous when slippery. See *Grossenbach v. City of Milwaukee,* 65 Wis. 31; *Perkins v. City of Fon du Lac,* 34 Wis. 435. It cannot be said, as a matter of law, that the defendant is not liable for the accident in question, even though the snow had fallen so short a time before the accident occurred that there had not been a reasonable time for the removal of the snow. Whether it should have been provided against in the construction of the walk was a question for the determination of the jury.

IV. We find it unnecessary, in view of the disposition which must be made of the case, to determine other questions presented in argument. For the error of the district court in giving the part of its charge which we have considered, its judgment is REVERSED.