THE CHICAGO GREAT WESTERN RAILWAY COMPANY v. MINNIE E. BAILEY, THE MISSOURI PACIFIC RAILWAY COMPANY, AND THE KANSAS CITY NORTHWESTERN RAILWAY COMPANY.

No. 601.* (59 Pac. 659.)

DAMAGES—*Future Suffering—Erroneous Instruction.* In an action for personal injury it is reversible error to instruct the jury that if they find for the plaintiff they will allow her such an amount as will compensate her for her physical pain and mental anguish which she has suffered or may suffer in consequence of her injury.

Error from Wyandotte court of common pleas; W. G. HOLT, judge. Opinion filed January 4, 1900. Reversed.

*Clement ·A. Lawler, Miller & Morris,* and *Karnes, Hagerman & Krauthoff,* for plaintiff in error.

*W. H. H. Freeman,* for defendant in error, Minnie E. Bailey; *Waggener, Horton & Orr,* for defendants in error, The Missouri Pacific Railway Company and The Kansas City Northwestern Railway Company.

*Petition for order to certify denied by supreme court March 10, 1900. — REP.

The opinion of the court was delivered by

WELLS, J. : The defendant in error, the plaintiff in the court below, was riding with and as the guest of her sister, who was driving an old and steady horse attached to a buggy. Returning to their home in Kansas City, Mo., their route was over Central avenue, the main traveled thoroughfare between the two cities. As they approached Wood street they found the plaintiff in error's locomotive standing partially across the street upon which they were traveling, with the front toward the center of the street. They stopped and waited some time for permission of the flagman to pass on, and while so waiting the horse became scared and tipped the buggy over and injured the defendant in error, for which an action is brought, a judgment recovered for $1800, and the case brought here for review.

The first allegation of error is in giving instruction No. 8, which reads :

"If you find for the plaintiff you will allow her such an amount as in your judgment will compensate her for her physical pain and mental anguish, which she has suffered or may suffer from and in consequence of her injury, without regard to the character of the parties, or the ability of the defendant to pay, not exceeding the sum of $1995."

The complaint is founded upon the use of the words "or may suffer," it being contended that thereby the jury were permitted to speculate as to what might occur in the future. We think this instruction was erroneous and necessitates a new trial. The other allegations of error do not require consideration.

The judgment of the court below is reversed and a new trial directed.

McELROY, J., concurring.

MAHAN, P. J. (concurring specially) : I am of the opinion that the reversal is not based upon the proper ground ; that the error which is made the foundation of reversal is not sufficient therefor in view of the entire record. I am well satisfied that the judgment must be reversed upon another ground. The court erroneously charged the jury that for the plaintiff to recover she must prove that the injury was occasioned by reason of steam negligently allowed to escape from the defendant's locomotive ; that in considering negligence upon the part of the defendant in operation of said locomotive, it was not negligence to allow such steam to escape as was necessary in the successful operation thereof, and the plaintiff must show by a preponderance of all the evidence that an unnecessary amount of steam was allowed to escape, whereby the injury was occasioned, and that this was the only ground of negligence. Under the evidence contained in the record, the jury were compelled to and did ignore this instruction in order to find for the plaintiff at all. The allegations of negligence are entirely different from that inserted in this instruction. However, it was the duty of the jury under the decision of the supreme court to give full effect to this instruction, and having ignored it, and returned a verdict in violation thereof, a new trial ought to have been awarded.