CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. JAY B. McDOWELL.

FILED OCTOBER 22, 1902. No. 11,769.

Commissioner's opinion, Department No. 3.

**Personal Injuries:** COMPENSATION: FUTURE CONSEQUENT DAMAGES. In an action for personal injuries compensation can be recovered for only such future damages as are shown with reasonable certainty to be consequent thereon.

ERROR from the district court for Jefferson county. Tried below before LETTON, J. *Reversed.*

*W. F. Evans, Lorenzo W. Billingsley,* and *Robert J. Greene (M. A. Low,* of counsel), for plaintiff in error.

*John Heasty* and *R. A. Clapp, contra.*

Ames, C.

This is an action to recover damages alleged to have been suffered by the defendant in error from injuries inflicted upon him while a passenger upon one of the trains of the plaintiff in error. The evidence that such injuries were of a serious or permanent character, is very slight, but is perhaps sufficient to sustain a verdict for the plaintiff under the familiar rule of this court with reference to such matters. From a verdict and judgment of $2,000 in favor of the plaintiff below the company prosecutes error in this court. The sole question presented here is as to the correctness of the following instruction given by the court at the request of the plaintiff: "If you find that plaintiff is entitled to recover, your verdict should be in such amount as will compensate him for the injuries which he has sustained. The temporary injuries, if any, which plaintiff sustained in the wreck in question, are elements of damage, and should be considered by you in coming to a verdict, and plaintiff should be fully compensated for such injuries. And if you believe that plaintiff suffered continuing or permanent injuries as a result of said wreck, it is your duty to estimate as well as it can be done, the damages which he has suffered since the time of the injury by reason thereof, as well as what he may hereafter suffer, if any, and include such damages in your verdict. It is your duty to take into consideration the nature of all the injuries, if any, the extent of them and the pain and suffering which plaintiff has endured. You should also take into consideration the length of time that has elapsed from the time that plaintiff received his injuries until the present, not as interest, but simply as a part of the compensation to which the plaintiff would be entitled to make him whole, if you find he is entitled to recover [modified thus] : If you find plaintiff suffered injuries continuing from the time of the accident until now." The particular part of this instruction which is complained of as erroneous is the third sentence thereof, as follows: "And if you believe that plaintiff suffered con-

tinuing or permanent injuries as a result of said wreck, it
is your duty to estimate as well as it can be done, the dam-
ages which he has suffered since the time of the injury by
reason thereof, as well as what he may hereafter suffer, if
any, and include such damages in your verdict." In sup-
port of its contention, the plaintiff in error cites a large
number of authorities, including *Chicago, R. I. & P.
R. Co. v. Archer*, 46 Nebr., 907, to the effect that in such
actions only such future damages may be compensated as
are reasonably certain to result from the injury com-
plained of; and it is insisted that the instruction in ques-
tion is vicious for the reason that it tells the jury that they
may allow to the plaintiff compensation for such damages
as he "may hereafter suffer," thus departing from the rule
of reasonable certainty, and opening the door for unre-
strained speculation. The defendant in error does not dis-
pute the validity of the general rule relied upon by his
adversary, but insists that it was not violated by the trial
court, because the instruction limits the right of recovery
to such damages as may result from permanent in-
juries. It is argued by counsel that by this means
the element of uncertainty is removed or excluded,
since, if the injuries are of a permanent character, con-
tinuing and future damages must necessarily result
therefrom. To this extent the rejoinder is good, but
we do not think it is a complete answer to the criti-
cism of the plaintiff in error. It is true that by the
hypothesis, some future damages may be presumed to flow
from the permanent and continuing injuries; but whether
they may be very great or merely trivial in amount, can not
be foretold, and for such only as are reasonably certain
can a recovery be had under the rule invoked. It is rea-
sonably certain that to a person in the common walks of
life, especially to a farmer or mechanic,—the loss of the
right hand would be a constant source of annoyance, and
an impairment of efficiency in his calling which would be
the occasion of the daily diminution of his wages or earn-
ings, but it may not exclude him from some future and as

yet unanticipated calling or employment, which, if engaged in, would lead on to fortune, and it may also, by discouraging him from the pursuit of his present vocation, be the indirect means of his attaining to wealth and prominence. Hence, as it seems to us, the mere fact that the injuries are permanent does not remove the element of uncertainty as to the amount of damages which they may cause, nor relieve the court from the duty to instruct the jury that only such as are reasonably certain to result therefrom can be compensated by their verdict. This view as to the application of the rule under discussion has the support of *Fry v. Dubuque & S. W. R. Co.*, 45 Ia., 416; and of *Bigelow v. Metropolitan St. R. Co.*, 48 Mo. App., 367. We think that in order to satisfy the rule under discussion it must appear with reasonable certainty that disabilities have resulted from the injury complained of, and that reasonably certain future damages will result therefrom. The greater or less degree of permanency of the injury affects the question of the continuing nature of the damages, but does not determine their amount, which must also be ascertained with reasonable certainty.

We recommend that the judgment of the district court be reversed and a new trial granted.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.