[No. 6912.  Decided March 28, 1908.]

## LUIGI ONGARO, *Respondent*, v. JOHN TWOHY *et al.*, *Appellants*.[1]

STATUTES—LAWS OF OTHER STATES—NECESSITY OF PLEADING.  In an action by a servant for personal injuries sustained in another state, it is proper to exclude evidence of the laws of such state relating to vice principals and fellow servants, where the same were not pleaded.

MASTER AND SERVANT—FELLOW SERVANTS—POWDERMAN AND COMMON LABORER—VICE PRINCIPALS—WARNING.  A foreman and "powder" man engaged in blasting and drilling operations at the top of a cut in railroad construction work are not fellow servants of one employed in the cut below as a common laborer in shoveling rock and earth into cars; and the former represent the master and are bound to give notice to laborers in places made dangerous by their work.

SAME—ASSUMPTION OF RISKS.  Employees working in the proximity of blasting operations on railroad construction work do not assume the risk of the negligence of a shift boss and "powder" man in using a steel rod to tamp dynamite into a hole, where such operation was extra dangerous and likely to cause a premature explosion.

DAMAGES—PERSONAL INJURIES—MEASURE OF DAMAGES — FUTURE PAIN—INSTRUCTIONS.  In an action for personal injuries it is reversible error to instruct that the plaintiff may recover for the pain and suffering "which he may suffer in the future," as the recovery must be confined to such future pain and suffering as is reasonably certain to result from the injury (DUNBAR, J., dissenting).

APPEAL AND ERROR—EXCEPTIONS—MODE OF TAKING—TRIAL.  Where exceptions were dictated to the stenographer by an attorney in his place at the attorney's table, with the presiding judge upon the bench, it cannot be objected that the judge could not hear the exceptions, since it was his duty to do so.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered January 12, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a railway construction employee through the firing of a blast.  Reversed.

[1]Reported in 94 Pac. 916.

ONGARO v. TWOHY.

*Edward J. Cannon*, for appellants.

*Maurice Smith* and *Gallagher & Thayer*, for respondent.

Mount, J.——Action for personal injuries. The defendants appeal from a judgment for $3,500, entered upon a verdict in favor of the plaintiff. The appellants were engaged in railroad construction work near Bonner's Ferry, Idaho. On the 8th day of December, 1905, they were constructing a deep cut, using dynamite for the purpose of blasting out the rock and earth. The respondent was employed as laborer in shoveling rock and earth into cars at the face of the work. A hole had been drilled perpendicularly from the top of the work, some seven or eight feet deep. Several sticks of dynamite had been placed in this hole by the foreman and an employee known as a "powder" man. These sticks of dynamite had become lodged in the hole, and thereupon the foreman in charge of the work directed the powder man to drive the dynamite down to the bottom of the hole. There is some dispute as to whether the foreman told the powder man to use a wooden stick or a steel drill for that work. At any rate a steel drill was used for that purpose, and no notice or warning was given to the employees who were working below in the bottom of the cut. The use of the steel drill was dangerous—almost sure to explode the dynamite. The result was that the dynamite was exploded, and a large quantity of rock and earth was blown out of the face of the work and upon the respondent, who was working below. His leg was broken and he was otherwise bruised. The negligence alleged was that the foreman caused the explosion of the dynamite without giving notice to the plaintiff, that defendants adopted a dangerous and unsafe way of tamping by using a steel rod instead of a wooden one, and that defendants failed to furnish plaintiff with a reasonable safe place to work.

At the trial the appellants offered to prove the laws of Idaho relating to vice principal and fellow servant. The court excluded this evidence; we think, correctly, because there was

no intimation in the pleadings that appellants were relying, or intending to rely, upon the law of any other state, except the mere admission in the answer that the injury occurred in Idaho. If the appellants intended to rely upon the law of another state, both that fact and the law of such state should have been pleaded, the same as other facts. 9 Ency. Plead. & Prac. 542; *Cincinnati etc. R. Co. v. McMullen,* 117 Ind. 439, 20 N. E. 287, 10 Am. St. 67; *In re Stewart's Estate,* 26 Wash. 32, 66 Pac. 148, 67 Pac. 723.

Appellants argue that the questions of fellow servant, safe place, and assumption of risk were improperly submitted to the jury. We shall not attempt to follow the argument, because it seems clear to us, from an examination of the evidence, that these questions were properly for the jury. In the first place, the powder man and the shift boss, who had charge of the blasting and drilling operations, and who were claimed by appellants to have been fellow servants with the respondent, were engaged in an entirely different class of work from the respondent. They were handling an extremely dangerous agency, viz., dynamite, requiring skill and great care, while the respondent was in the cut below, engaged as a common laborer shoveling earth into cars. In the next place, it was the special duty of the shift boss and the powder man to keep the place safe so as to protect the respondent, who had no means of knowing what they were doing and no means of guarding against their acts. Under these circumstances, it seems clear that the respondent was not a fellow servant with either the shift boss or the powder man, but that these two men necessarily represented the master, and were bound to notify laborers in places made dangerous by their work. *Dossett v. St. Paul & Tacoma Lumber Co.,* 40 Wash. 276, 82 Pac. 273; *Cook v. Chehalis River Lumber Co.,* 48 Wash. 619, 94 Pac. 189.

It is said that the blast which caused the respondent's injury was a premature explosion which the powder man and the shift boss did not know about, and that every person working

near assumed the risk of such explosions. It is no doubt true that no one was prepared for the explosion when it occurred, but the evidence shows that a steel rod used to tamp dynamite into a hole is about as certain to cause an explosion as a lighted fuse. The shift boss and the powder man were, therefore, bound to know this fact and to notify others of the danger. They were the only persons who assumed the risk of their own careless conduct in this respect.

Upon the measure of damages, the court instructed the jury as follows:

"And if you find a verdict for the plaintiff your verdict will be in one sum such as will compensate plaintiff for the injuries which he has sustained or the pain which he has endured or pain and suffering which he may suffer in the future and for the loss of employment. You should not award him anything by way of punishment. You should not award him anything as the result of feeling or sympathy for him, but your verdict should be simply compensatory; that is, it should compensate him fairly for these various things which I have just told you."

This was the whole instruction upon this subject, and it does not appear to be modified or limited by any other instruction. Under this instruction the jury were authorized to compensate the plaintiff "for pain and suffering which he may endure in the future." This is not the rule. The respondent is entitled to recover for such future pain and suffering as are reasonably certain to result from the injury. *Cameron v. Union Trunk Line*, 10 Wash. 507, 39 Pac. 128. "Not such as may result or are merely probable or likely." *Chicago etc. R. Co. v. Newsome*, 154 Fed. 665; *Schwend v. St. Louis Transit Co.*, 105 Mo. App. 534, 80 S. W. 40; *Ford v. Des Moines*, 106 Iowa 94, 75 N. W. 630; *Chicago etc. R. Co. v. Bailey*, 9 Kan. App. 207, 59 Pac. 659; *Hardy v. Milwaukee St. R. Co.*, 89 Wis. 183, 61 N. W. 771; *Chicago etc. R. Co. v. McDowell*, 66 Neb. 170, 92 N. W. 121; *McBride v. St. Paul City R. Co.*, 72 Minn. 291, 75 N. W. 231; *White v. Milwaukee City R. Co.*, 61 Wis. 536, 21 N. W. 524, 50

Am. Rep. 154; *Kucera v. Merrill Lumber Co.*, 91 Wis. 637, 65 N. W. 374. See, also, *Gallamore v. Olympia*, 34 Wash. 379, 75 Pac. 978; *Kirkham v. Wheeler-Osgood Co.*, 39 Wash. 415, 81 Pac. 869.

It is true we sustained a somewhat similar instruction in the *Kirkland* case, *supra*, but the instruction there contained words which required more than a possibility of future pain and suffering. The same is also true in the case of *Cameron v. Union Trunk Line*, and *Gallamore v. Olympia*, *supra*. The correct rule was recognized in each of these cases, but we held that the modifying language of the instructions in those cases was sufficient to bring the instructions within the rule. But in the case at bar the language used leaves it to the jury to award damages upon a mere possibility of future pain and suffering, which is clearly erroneous.

It is contended by the respondent that no sufficient exception was taken to the instructions, because the exceptions were dictated to the stenographer and not to the judge. The record shows that the exceptions were taken as follows:

"The exceptions of both parties were taken in open court by the respective attorneys immediately after the jury had retired, in the following manner: Defendant's attorney first dictated his exceptions in a low tone of voice to the stenographer in attendance, whereupon the plaintiff's attorney did likewise. The respective attorneys were in their place at the attorneys' table and the presiding judge was upon the bench throughout the dictation, though he did not and could not from his place hear the exceptions so dictated."

It was the duty of the court to hear the exceptions. If he did not hear and understand the record which was being made by the attorneys in his presence in open court, he should have done so, and neither the court nor counsel can be heard to say otherwise at this time. The exceptions were therefore sufficient.

Other errors claimed by the appellant will probably not occur again and are therefore not considered. For the error

· in the instruction above set out, the judgment is reversed, and the cause remanded for a new trial.

CROW, FULLERTON, and ROOT, JJ., concur.

DUNBAR, J. (dissenting)—I· dissent.  I do not think the instruction complained of will reasonably bear the narrow construction given it by the majority.  There is nothing in the language to indicate to the jury that it should determine the question of future suffering under any different rule than that which would be applied in determining any other question in the case.