## CLARK WILLIAMS v. CLARK COUNTY, Appellant.

**Personal injuries:** DAMAGES: FUTURE PAIN AND SUFFERING: INSTRUC-
1 TIONS. Only such damages for future pain and suffering should
be allowed in personal injury actions, as are shown by the evi-
dence to be reasonably certain; and where the court fails to thus
limit the jury, the error is not cured by a subsequent instruction
that they should not indulge in speculations in determining ques-
tions of fact, no reference to the subject of future pain and suf-
fering being made in that connection.

**New trial:** OBJECTION TO INSTRUCTIONS: SUFFICIENCY: REVIEW ON
2 APPEAL. When all the court's instructions are excepted to at the
time they are given and again in a motion for a new trial, it is
sufficient to authorize a review of the same on appeal, though not
specifically objected to in the motion for new trial.

**Damages:** LOSS OF EARNING CAPACITY: LIFE EXPECTANCY: INSTRUCTION.
3 Where the jury is authorized to consider the injured party's life
expectancy, in determining his damages for loss of earning capac-
ity, it should be limited to a finding of the present worth of his
earnings.

EVANS, C. J., and WEAVER, J., dissenting.

*Appeal from Union District Court.*—HON. H. M. TOWNER,
Judge.

THURSDAY, MARCH 18, 1909.

REHEARING DENIED FRIDAY, JULY 2, 1909.

A SUIT to recover damages for personal injuries. There
was a trial to a jury and a verdict and judgment for the
plaintiff for $15,000. The defendant appeals.—*Reversed.*

*Lloyd Thurston* and *Maxwell & Maxwell,* for appel-
lant.

*Temple & Temple* and *W. S. Hedrick,* for appellee.

SHERWIN, J.—On the question of the measure of the plaintiff's recovery, the trial court instructed as follows:

In ascertaining the amount of plaintiff's damages, you should give him such an amount as would fairly and reasonably· compensate him for the injury received. In so doing you have a right to take into consideration the personal ·injury suffered, the wounds and hurts received, the physical pain, mental anguish, and humiliation already suffered, and any which you may find he may suffer in the ·future in consequence of such injury, and his expense incurred for medical attendance and nursing. If the jury find from the evidence that the injury of the plaintiff is permanent, that prior to the injury he was capable of earning and did earn his living by farming, and that said injury has in whole or in part incapacitated him from performing the manual labor incident to such occupation, then you may take into consideration such facts in determining plaintiff's damages. And in this connection the plaintiff's admitted expectancy of life may be considered by you; but regard should be had as to the probable time during· such expectancy of life that plaintiff might reasonably be expected to be capable of performing manual labor ·on account of his age. In determining plaintiff's earning capacity as a farmer, the profits of such farming operation should not be considered. Only that should be taken into consideration of which plaintiff has been deprived by reason of the injury received.

It will be noticed that the instruction in question permitted the jury to find damages·for physical and mental pain which it might find the plaintiff 'would suffer in the future in consequence of such injury. The instruction was clearly erroneous because it permitted the jury to enter the field of speculation. The instruction should have limited plaintiff's recovery in ˅that respect to such damages in the future ·as were reasonably certain to be caused by the injury. · *Fry v. Railway Co.,* 45 Iowa, 416; *Ford v. City of Des Moines,* 106 Iowa, 96; *Sanders v. O'Callahan,* 111 Iowa, 581; *Hall v. Railway Co.,* 115 Iowa, 19.

1. PERSONAL *INJURIES:* damages: future pain and suffering: instructions.

The appellee concedes that the instruction was erroneous, but says that the error therein was cured by a subsequent instruction, in which the trial court said to the jury as follows: "And in determining any of the questions of fact presented in this case you should be governed solely by the evidence introduced before you. You should not indulge in any speculations or conjectures as to what might have been shown to be true, and all conclusions drawn by you should be based solely upon the evidence before you, and not upon conjecture or speculation." This instruction does not in our judgment cure the error complained of. It in fact goes no further than to say to the jury that it must be governed by the evidence in determining questions of fact. It in no way calls the jury's attention to the fact that the plaintiff could be allowed only such future damages as were reasonably certain from the evidence. The instructions, considered together, are, in substance, the same as the instructions condemned in *Sanders v. O'Callahan, supra,* and in *Ford v. City of Des Moines, supra.*

The appellee also says that the appellant should not now be heard on the objection just discussed because it was not specifically raised in the motion for a new trial. It is

2. NEW TRIAL: objection to instructions: sufficiency: review on appeal.

true that specific mention thereof was not there made, but it is also true that all of the instructions were excepted to at the time they were given, which was alone sufficient, and that in the motion for a new trial exception was taken to all of the instructions, but in a separate part of the motion the court's attention was specifically called to another ground of objection to the tenth instruction; it being the one under consideration. There was no waiver on the part of the appellee. He having excepted to the instructions when given and again in the motion for a new trial, it is clear that there was no intent to waive any question involved in the instruction singly or as a whole.

The same instruction is further complained of because

it permitted the jury to award to the plaintiff damages for the loss of his earning capacity, and in that connection to consider his expectancy of life, which was nearly thirty-five years, and did not limit the jury to a finding of the present worth of his earnings. We think the court should have given the jury some instruction along the line indicated.

3. DAMAGES: loss of earning capacity: life expectancy: instruction.

We need not go into the question of the sufficiency of the evidence to support a verdict for the plaintiff. It is argued at great length in the briefs of both counsel; but it is sufficient for us to say, in view of a new trial of the case, that the evidence is amply sufficient to support a finding for the plaintiff on all fact issues presented. Whether the present verdict is excessive we do not determine.

For the error pointed out, the judgment must be, and it is, *reversed.*

EVANS, C. J., specially concurring.—I think the error upon which the majority opinion is based is so slight that it ought to be deemed as nonprejudicial. I think also that it was fully cured by the subsequent instruction. At most the error was formal, rather than substantial. Our previous decisions have gone as far as we ought to go on this form of error. The present opinion goes farther than any previous holding, and to my mind is extremely technical. However, the verdict was so clearly excessive that in my judgment it ought to have been set aside and a new trial granted on that ground. I therefore concur in the result, although I dissent from the ground upon which the majority opinion is based.

WEAVER, J.—I concur in the opinion of the Chief Justice that there was no prejudicial error in the instructions given by the trial court.