## PICINO v. UTAH-APEX MINING CO. et al.

No. 3175.  Decided June 24, 1918.  (173 Pac. 900.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—INSTRUCTIONS. In a miner's action for personal injuries, an instruction that, if certain facts were found to exist, such facts as a matter of law would constitute negligence and establish defendants' liability, *held* not erroneous under the evidence.[1]  (Page 341.)

2. DAMAGES—PERSONAL INJURIES—FUTURE PAIN AND SUFFERING. In a miner's action for personal injuries, an instruction allowing the

---

[1]*Newton* v. *Railroad Co.*, 43 Utah, 219, 134 Pac. 567; *Peterson* v. *Bullion Beck, etc., Mining Co.*, 41 Utah, 364, 126 Pac. 310; *Davis* v. *D. & R. G. R. Co.*, 45 Utah, 1, 142 Pac. 705; *Oswald* v. *Utah Light & Ry. Co.*, 39 Utah, 245, 117 Pac. 46.

jury to award damages for pain and suffering that plaintiff "will probably hereafter endure" was not erroneous, as allowing conjectural damages.[2]   (Page 344.)

Action by Jnasio Picino against the Utah-Apex Mining Company and another for personal injuries.

Judgment for plaintiff.   Defendants appeal.

AFFIRMED.

*King, Nibley & Farnsworth* for appellants.

*Weber, Olson & Lewis* for respondent.

THURMAN, J.

Plaintiff, an employee of defendant corporation, was injured in defendant's mine at Bingham, Utah, January 28, 1916, and brought this action to recover damages for the injury. The circumstances of the injury, as alleged in the plaintiff's complaint, are as follows:

"That on or about the 28th day of January, 1916, the plaintiff was ordered and directed by the defendant to tie a rope to the truck of an ore car at the bottom of a raise on the 700-foot level of the defendant mining company's mine and to assist in raising said truck up through said raise; that said rope was extended down to the 700-foot level of said mine from the top of said raise, a distance of about 60 feet; that the defendant Joseph Norden stood at the top of the raise and directed the work of the plaintiff; that in obedience to the instructions of said shift boss the plaintiff tied said rope to the truck at the bottom of said raise, and was engaged in steering said truck up said chute from one landing to another, in order to prevent its being caught on the timbers while said truck was being drawn up by the defendants; that when said truck reached the first landing, about 12 feet from the bottom of the raise, the plaintiff discovered and notified the

[2]*Dimmick* v. *Utah Fuel Co.,* 49 Utah, 430, 164 Pac. 876.

defendants that the rope was slipping from the truck, and requested the defendants to wait before hoisting the truck further on up the raise, and permit the plaintiff to there tie the rope more securely to the truck, in order to prevent it from slipping off and causing the truck to fall upon the plaintiff; but that the defendants then and there carelessly and negligently disregarded said request of the plaintiff, and carelessly and negligently ordered and caused said truck to be raised without giving the plaintiff an opportunity to again tie said rope at said point, and without giving the plaintiff an opportunity to escape from the danger of said truck falling down upon him.''

Defendants denied the allegation, and pleaded, in defense, contributory negligence, assumption of risk, and negligence of a fellow servant. The case was tried to a jury, verdict was rendered for plaintiff, and judgment entered. Defendants appeal, and assign many errors, but in their argument and brief rely only upon the alleged errors of the court in instructions to the jury.

There is a sharp conflict in the evidence as to the circumstances attending the accident which resulted in the injury complained of, but there is substantial evidence in the record to prove the allegations of the complaint as to how and in what manner the accident occurred, and it is not contended by the appellants that the evidence is insufficient to sustain the verdict. The theory of the defendants, and the evidence introduced to support it, was to the effect that the defendant Norden was not present at the top of the raise when plaintiff went down to tie the rope; that he gave no orders to plaintiff; that plaintiff did not request him to wait until he tied the rope; that the rope was not pulled up by the men at the top until plaintiff himself said ''All right.'' It is further contended by defendants that plaintiff himself was negligent in the manner in which he tied the rope, and in not stepping out of the way of the truck when he knew it had not been securely tied.

As will be seen the two theories, while exceedingly simple, were nevertheless diametrically opposed one to the other.

The court, in instructing the jury, fully presented the respective theories of the parties as to which any evidence had been produced, and declared the law applicable thereto. Instructions 10 and 12, involving plaintiff's theory and evidence, were objected to by appellants, and exceptions taken to each as a whole. Instruction 12 is more comprehensive than instruction 10, and covers the same matter. The exception to the former only need be considered in determining the validity of both assignments of error. Instruction 12 reads as follows:

"The court instructs the jury that if you believe from the evidence that the plaintiff told the defendant Norden in substance or effect that the rope was slipping, or knot loosened, or was not securely tied to the truck, or to wait before pulling the truck further up the raise to permit the plaintiff to tie the rope more securely, and that the defendant Norden heard the same and failed to permit the same to be done, or ordered the truck to be pulled on upward without awaiting for that to be done, and that as a result of such omission on his part the truck was pulled upward in the raise without being securely tied to the rope, and that by reason thereof it slipped from the rope and fell down upon the plaintiff and injured him, and if you further believe from the evidence that the plaintiff exercised reasonable care for his own safety, and was not himself guilty of negligence contributing to his injury, then I instruct you it would be your duty to return a verdict in favor of the plaintiff and against both of the defendants in this action."

It is not contended by appellants that this instruction was outside of the issues presented or the evidence submitted. In fact, it is admitted that the evidence was contradictory in every fact relating to what occurred as to the cause of the accident. It is sufficient to say that there was substantial evidence to sustain every hypothesis presented by the instruction. The objection raised by appellants' exception is that the court instructed the jury that, if they found certain facts to exist, then such facts, as matter of law, would constitute negligence and establish defendants'

liability. It would undoubtedly have been more prudent if the court had instructed the jury that they might infer negligence if they found certain facts to exist, especially where, as in this case, there is no positive law making such facts conclusive of negligence; but the court did not so instruct, and it becomes our duty to determine whether or not the court was justified in instructing the jury as above stated. In determining the validity of the instruction, we must assume that the jury found that the hypotheses presented were established by the evidence as actual facts and treat the matter the same as if the facts were admitted.

The facts, then, we have to consider, are these: The plaintiff went down to the seven-hundred-foot level, in discharge of his duty, to tie a rope around the truck loaded with ore, so that the same might be hoisted to the top of the raise. The defendant Norden, foreman of defendant company, was at the top of the raise in charge of the men hoisting the truck. The hoisting was done by the defendant and the men in his charge pulling on the rope, which extended from the top of the raise down to the truck. Plaintiff, after tying the rope to the truck, and when the lifting began, informed the defendant Norden that the rope was slipping, or the knot had loosened, and that the rope was not securely tied to the truck, and requested him to wait until he tied the rope more securely. Defendant Norden heard the plaintiff and failed to grant his request, but, on the contrary, ordered the men to pull the truck up without waiting for the rope to be securely tied, and by reason thereof the truck slipped from the rope and fell down upon the plaintiff, producing the injury complained of. The fact must also be assumed that the plaintiff himself was not guilty of negligence contributing to his injury.

We confess our inability to conceive of any legitimate excuse for the defendants' conduct under the circumstances disclosed by the facts, or to arrive at any other conclusion than that they were guilty of negligence, and that such negligence was the proximate cause of the injury. The only excuse presented in the brief or argument of appellants' counsel is that defendant Norden, being acquainted with the

mine, "might have assumed, and did assume, that at the time plaintiff told him the rope was slipping, or was not securely tied, the plaintiff was in a place of safety, and that, even if the rope should slip from the truck, the plaintiff would not be injured thereby."

This theory of appellants' counsel is exceedingly farfetched, in view of the facts which we are bound to consider. The plaintiff was at the bottom of the shaft steering the truck. The defendant and the men assisting in hoisting the truck were at the top. The plaintiff informed defendant that the rope was slipping, and requested him to wait till he tied it more securely. Defendant heard the request. Plaintiff at that very moment was at the truck at the bottom of the shaft, and in all probability was in the act of attempting to tie the rope. At this juncture and under these conditions, disregarding plaintiff's admonition and request, defendant ordered the men to hoist the truck. The attempt to do so, in view of the situation, spelled inevitable accident almost at the very moment the truck was lifted from the ground. The assumption of defendants that plaintiff was in a safe place at the time the order was given to hoist flies in the face of every fact connected with the accident. The defendant Norden was cognizant of the situation, and it is exceedingly fortunate for him that the accident resulted only in a serious injury, instead of instant death.

In support of their contention, appellants cite the following cases: *Gratiot* v. *Mo. Pac. R. Co.*, 116 Mo. 450, 21 S. W. 1094, 16 L. R. A. 195-198; *Railroad Co.* v. *Stout*, 17 Wall. (U. S.) 663, 21 L. Ed. 745; *Newton* v. *Railroad Co.*, 43 Utah, 219, 134 Pac. 567; *Peterson* v. *Bullion Beck, etc., Mining Co.*, 41 Utah, 364, 126 Pac. 310; *Davis* v. *D. & R. G. R. Co.*, 45 Utah, 1, 142 Pac. 705; *Oswald* v. *Utah Light & Ry. Co.*, 39 Utah, 245, 117 Pac. 46. Without reviewing at length or commenting on these cases, it is sufficient to say they simply declare the familiar doctrine that the court cannot, in an instruction to the jury, pass upon a question as a matter of law, unless the question is free from doubt and one in which all reasonable men, under the evidence, would arrive at the same conclusion.

Measured by this standard, in view of the facts, we find no error in the instruction complained of.

Appellants also assign as error the giving of instruction 14, relating to the measure of damages. The instruction reads as follows:

"If, under the evidence and the instructions given you by the court, your verdict is in favor of the plaintiff, you will assess his damages, and in doing so you have the right and should take into consideration his age and his earning capacity, before and after the injury, the nature and extent of his injury, and whether permanent or not, the physical pain and mental anguish suffered and endured and that he will probably hereafter endure by reason and on account of said injury, the time lost and that he will probably hereafter lose, as may appear from the evidence, by reason of and as a direct result of such injury, such expense, if any, as he will hereafter incur in the treatment of the injury, together with all the facts and circumstances in evidence in the case, and after doing so you will assess the damages at such sum as from the evidence you may deem proper, not exceeding the amount claimed by plaintiff in his complaint."

In support of this assignment appellants concede that damages may be allowed in cases of this kind for future pain and suffering and for future loss of time; but they insist that the jury should be limited in awarding the damages for such future pain and suffering or loss of time as is reasonably certain from the evidence the plaintiff will suffer in the future. They object to the jury speculating as to the pain and suffering he will probably hereafter endure and the time he will probably hereafter lose. In support of their contention that a jury should allow for future pain and suffering, and for loss of time, such damages only as are reasonably certain, appellants refer us to the following authorities: 8 Thompson on Negligence, section 7205; 1 Sedgwick on Damages (9th Ed.), section 172; *Ford* v. *City of Des Moines,* 106 Iowa, 94, 75 N. W. 630; *Block* v. *Railway,* 89 Wis. 371, 61 N. W. 1101, 27 L. R. A. 365, 46 Am. St. Rep. 849; *Ongaro* v. *Twohy,* 49 Wash. 93, 94 Pac. 916.

Some of these authorities apparently support appellants' contention, while others are clearly distinguished from the present case. We think there is a clear distinction between that which "may happen" and that which "will probably happen." The former may imply a mere possibility, while the latter implies that which is likely to happen. This distinction, in effect, is recognized by many of the authorities. The rule invoked by appellants calls for a higher degree of certainty than is ordinarily required in civil cases. It is quite true the jury should not be permitted to indulge in mere speculation in endeavoring to determine the rights of litigants. It does not follow, however, that because they cannot demonstrate their conclusions with mathematical precision that therefore their conclusions are invalid. Even in attempting to determine the damages already sustained in cases of this kind, jurors, in the very nature of things, are confronted with more or less uncertainty. That which is most likely, or that which is probable in the light of all the evidence, is oftentimes the only practical guide. If a higher degree of certainty than this is required, it is manifest that great hardship and injustice will result in many cases. Of course, the probability here referred to should not be a mere conjectural probability, but one based on evidence. The jury, whose duty it is to ascertain and declare the truth from conflicting testimony, should accept that which is probably true as against that which is less probable. In doing so the juror keeps within the law applicable to civil cases. He should accept that which he believes to be true, notwithstanding it may be more or less uncertain. In the case of *Dimmick* v. *Utah Fuel Co.*, 49 Utah, 430, 164 Pac. at page 876, this court upheld the following instruction:

"In determining the amount of damages, if any, that the plaintiff is entitled to in this case, the jury should take into consideration all of the facts and circumstances before them in evidence, the nature and extent of plaintiff's physical injuries, if any is shown by the evidence to have resulted from the negligent act, or acts, of the defendants, or either of them, his suffering in body and mind, if any, resulting from such injuries, and also such suffering and loss of health, if any, as the jury may believe from all the evidence before them the plaintiff has sustained, or

will sustain, by reason of such injuries, his loss of time and service, and inability to work and earn money for himself, resulting from such injuries, and should find for him such sum as in the judgment of the jury under all the evidence will be just.''

In principle we are unable to find any material distinction between that instruction and the one in the case at bar. After all, it is merely a question of belief, founded on substantial evidence, and not on conjecture. That, it seems to us, is all that should be required. Respondent cites many cases in support of his contention that the court did not err in the instruction complained of. *Johnson* v. *Connecticut Co.*, 85 Conn. 438, 83 Atl. 530; *Ill Cent. R. Co.* v. *Davidson,* 76 Fed. 517, 22 C. C. A. 306; *Hamilton* v. *Great Falls St. R. Co.*, 17 Mont. 334, 43 Pac. 713; same case in 17 Mont. 334, 42 Pac. 864; *St. Louis, S. F. & T. R. Co.* v. *Taylor* (Tex. Civ. App.) 134 S. W. 819; *Wallace* v. *Pa. Ry. Co.*, 222 Pa. 556, 71 Atl. 1086, 128 Am. St. Rep. 817; *Gulf, C. & S. F. R. Co.* v. *Harriett,* 80 Tex. 73, 15 S. W. 556; 1 Sutherland on Damages (4th Ed.), section 121. 8 R. C. L. at page 544, says:

''It is a well-settled general rule that, in assessing the amount of damages in an action for a personal injury, the jury may make an allowance for the pain and suffering which the person injured is reasonably certain to undergo in the future in consequence of the injury, including also an allowance for mental suffering. Pain and suffering which are merely possible and speculative are, of course, not to be considered. All that is required under this rule is that there be sufficient evidence from which the jury may fairly derive the conclusion that the chances that the plaintiff will endure future pain and suffering preponderate over those that he will not. Such preponderance denotes probability or likelihood and that is sufficient.''

These authorities sustain the position of respondent. The doctrine they enunciate is in harmony with our own views and with the practice generally which prevails in the trial of civil cases. If jurors are made to understand that their conclusions must be based upon substantial evidence actually introduced (and they generally are so instructed), we see no reason why a distinction should be made as to the degree of certainty between a case of this kind and any other ordinary civil case. Appellant's exception to the instruction is not sustained.

This disposes of all the assignments of error relied on in the argument.

The judgment of the trial court is affirmed, at appellants' cost.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.